F I L E D
United States Court of Appeals
Tenth Circuit

MAR 2 2005

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

STEVEN CLAY MARSHALL,

      Petitioner - Appellant,

v.

GARY GIBSON, Warden, Oklahoma
State Penitentiary,

      Respondent - Appellee.

No. 04-5134
(D.C. No. 01-CV-603-H (M))
(N.D. Okla.)

**ORDER**

Before **EBEL**, **McKAY** and **HENRY**, Circuit Judges.

Steven Clay Marshall ("Petitioner"), a state prisoner appearing pro se,

seeks a certificate of appealability ("COA") to challenge the district court's denial

of his Petition for Writ of Habeas Corpus, which was brought pursuant to 28

U.S.C. § 2254 (2000).  For the reasons stated below, we **DENY** COA and

**DISMISS** the appeal.

**BACKGROUND**

Petitioner was charged in Oklahoma state court with abuse of a minor child,

to which he pled not guilty.  **(Tr. v. I, at 5.)**  At trial, Petitioner maintained that

the injuries to the child occurred accidentally.  **(Id. at 9-10.)**  During the defense

case-in-chief, Petitioner called Janetta Williams, his cousin, as a witness.  **(Id. v.**

**2, at 84.)**  Williams testified, <u>inter</u> <u>alia</u>, that she was comfortable leaving her own daughter in Petitioner's care and that she had never in the past had any concerns about Petitioner's ability to care for her children.  **(Id. at 92-93.)**  On cross examination, the prosecutor attempted to get Williams to change her opinion of Petitioner by bringing up what were alleged to be several of Petitioner's prior convictions from Illinois.  **(Id. at 96-97.)**  Williams, however, did not change her position. (**Id.**)  On re-direct examination, Petitioner's lawyer established that the prior convictions actually involved another individual with a different name, different age, and different race.[1]  **(Id. at 97-100.)**  On re-cross examination, the prosecutor pointed out that Petitioner was from Illinois and that the birth date on some of the documents matched Petitioner's birth date.  **(Id. at 101-02.)**

The jury found Petitioner guilty and recommended a sentence of thirty-five years' imprisonment, which the trial court imposed.  **(R.O.A. doc 6, at 2.)**  On direct appeal, Petitioner challenged, inter alia, the state's cross examination of Williams as "exceed[ing] the permissible bounds of impeachment with evidence of prior bad acts."  Although at trial the state appeared to contend that the former convictions were authentic, the prosecutor conceded on appeal that the prior

---

[1]According to the trial transcripts, the prior convictions involved one Steven D. Marshall, a white male who was 30 years old.  **(Tr. v. II at 97-100.)** Petitioner, a black male, is named Steven C. Marshall and was 28 years old at the time of trial.  **(Id. at 100.)**

convictions reflected a defendant with a "different name, different birthdate, different age, and different race." **(R.O.A. doc. 3, ex. B, at 4.)** The Oklahoma Court of Criminal Appeals ("OCCA") affirmed Petitioner's conviction and sentence, holding that admission of the prior convictions was harmless error. **(Id., ex. C, at 2.)**

Petitioner timely filed a petition for habeas corpus relief in district court, pursuant to 28 U.S.C. § 2254, in which he argued that the admission of the prior convictions denied him due process under the Fourteenth Amendment. **(Id., doc. 1.)** After finding that Petitioner had adequately exhausted his state court remedies, the district court held that the erroneous admission of the prior convictions, when viewed in light of other evidence presented at trial, the jury instructions, and defense counsel's re-direct examination, did not rise to the level of a due process violation. **(Id., doc. 6, at 5-6.)** Accordingly, the court dismissed the petition. **(Id.)**

## DISCUSSION

Under 28 U.S.C. § 2253(c)(1), this court lacks jurisdiction to consider the merits of Defendant's appeal unless he first obtains a COA. In the instant case, Defendant seeks a COA from this court because the district court denied his request to appeal its decision. See Fed. R. App. P. 22(b)(1); **(R.O.A. doc. 11, at 2.)**. To prevail on his COA request, Defendant must make "a substantial showing

of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This is accomplished by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 483-484 (2000) (quotations omitted).

We hold that Defendant has failed to meet the Slack standard. Under 28 U.S.C. § 2254(d), Petitioner may only obtain federal habeas relief if the state decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

On habeas review, we will not disturb the state court's evidentiary rulings on Due Process grounds unless the court's error was "so unduly prejudicial that it renders the trial fundamentally unfair." Payne v. Tennessee, 501 U.S. 808, 825 (1991); accord Fox v. Ward, 200 F.3d 1286, 1296-97 (10th Cir. 2000).

Petitioner simply cannot meet this burden. Although the mention of prior convictions that did not belong to Petitioner was no doubt improper, we are mindful that the discrepancies were quickly drawn to the jury's attention by Petitioner's counsel. Furthermore, the prosecutor was unsuccessful in changing

the testimony of the witness. We are unable to say that the admission of the convictions rendered the trial so "unduly prejudicial" as to constitute a violation of due process. Payne, 501 U.S. at 825. Accordingly, Petitioner cannot demonstrate that the OCCA's decision to affirm his conviction was "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

In conclusion, we remain unconvinced that reasonable jurists could debate that Defendant's § 2254 motion should have been resolved differently. See Slack, 529 U.S. 483-44. Accordingly, we **DENY** COA and **DISMISS** the appeal for substantially the reasons stated below.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge